UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:12-CV-22261-CIV-MORENO/OTAZO-REYES

ALVARO HUERTA and all others similarly
situated under 29 U.S.C. 216(B),

        Plaintiff,

vs.

ROSALIA'S, INC. d/b/a TRATTORIA
ROSALIA, THOMAS J. BILLANTE,
KOSMAS A. KALAS, and MANUEL
PAUCAR,

        Defendants.
_____/

## JOINT MOTION TO APPROVE CONFIDENTIAL SETTLEMENT AGREEMENT AND FOR IN CAMERA REVIEW, AND STIPULATION OF DISMISSAL

The Parties hereby stipulate to the dismissal of this action with prejudice pursuant to the Parties' Settlement Agreement, a copy of which is attached hereto for the Court's approval, and will further show as follows:

## BACKGROUND

Plaintiff was a restaurant worker and former employee of the Defendants in Miami, Florida. On June 18, 2012, Plaintiff sued Defendants for violations of the Fair Labor Standards Act's (FLSA) overtime requirements. Namely, Plaintiff claimed that Defendants violated 29 U.S.C. § 201 *et seq* by: failing to pay overtime wages for all hours worked over 55 hours in a given workweek[1]. *See* [D.E. 1].

---

[1] Plaintiff admitted that he received overtime for those hours worked up to 55 hours.

Defendants have at all times denied (and continue to deny) that Plaintiff is owed any unpaid wages or damages. The parties have come to an agreed settlement. A copy of the Settlement Agreement, signed by all parties, and marked as **Exhibit A** *is being simultaneously provided to the Court for en camera review, but not filed.* As demonstrated below, the settlement represents a fair and reasonable resolution of a bona fide dispute. In addition, the settlement amounts to be paid to Plaintiff represents the full payment for all unpaid wages and liquidated damages such that Plaintiff have not compromised his claim. Accordingly, the Parties respectfully request this Court to approve their settlement and dismiss this case with prejudice.

**Payments to Plaintiff's Counsel**

Counsel for the Parties separately negotiated the amount to be paid to Plaintiff's counsel for reasonable and necessary attorneys' fees and costs. The payment to counsel was negotiated separately from and without regard to the amount of the payments to be made by Defendants to Plaintiff. As such, the payment to Plaintiff's counsel did not adversely affect the payments to be made to Plaintiffs.

## LEGAL STANDARD FOR APPROVAL OF SETTLEMENTS

Pursuant to the case law of the Eleventh Circuit:

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1352 - 1353 (11th Cir. 1982).

18858635v1

The Parties hereby stipulate that the settlement reached between represents a fair and reasonable resolution of a bona fide dispute.

Additionally, the Parties hereby advise the Court that the attorneys' fees and costs to be paid by Defendants under the Parties' settlement were never negotiated as a percentage of Plaintiff's recovery, nor was the settlement of Plaintiff's wage claims contingent upon the settlement of counsel's fees/expenses (or vice versa), and there is no correlation between the amount of monetary consideration to be paid to Plaintiff and the amount of attorneys' fees and costs to be paid by Defendant.

As the Hon. Judge Presnell explained in *Bonetti v. Embarq Management Co.*, 715 F. Supp.2d 1222 (M.D. Fla. Aug. 4, 2009), where the parties submit a proposed FLSA settlement and represent that the

> **"plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.** However, if the parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach." *Id.* at 1228. (emphasis added).

Other courts in this district are in accord. *See, Pullicino v. The Salvation Army*, 2011 WL 3751543, at *2 (M.D. Fla. Aug. 3, 2011); *Dillenbeck-Grose v. Equity Lifestyle Properties, Inc.*, 2011 WL 3497900, at *2 (M.D. Fla. July 26, 2011); *Carlan v. Patriot Residential Partners, LLC*, 2011 WL 2357623 (M.D. Fla. May 17, 2011); *Guzman-Perdomo v. LLT Management, LLC*, 2011 WL 2357634, at *3 (M.D. Fla. April 21, 2011); *Huntley v. Friendship Inn*, 2011 WL 2436067, at *2 (M.D. Fla. April 21, 2011); and *King v. My Online Neighborhood, Inc.*, 2007 WL 737575, at *4 (M.D. Fla. March 7, 2007).

This compromise sum for attorneys' fees to be paid by Defendant under the Parties' settlement is being accepted in resolution of all attorneys' fees owed to Plaintiff's counsel, and Plaintiff has no further obligation to Plaintiff's counsel for any additional attorneys' fees or costs. The parties jointly advise the Court that the settlement reached in this case did not involve coercion, collusion or undue influence, but rather is a fair and reasonable settlement of Plaintiff's alleged claims as it fully compensated Plaintiff's for the full amount of the unpaid wages and overtime alleged, together with liquidated and compensatory damages. The parties further advise the Court that their settlement herein includes every term and condition of the parties' settlement, as there are no side deals or other undisclosed terms.

Based upon the foregoing, the Parties respectfully request the Court to dismiss this action with prejudice pursuant to the settlement that was agreed to by the Parties.

WHEREFORE, the Parties respectfully request that the Court APPROVE the Settlement Agreement, that the Settlement and Release Agreement be kept under seal pursuant to the confidentiality provisions therein, dismiss the case with prejudice, and retain jurisdiction in order to enforce the terms of the Settlement Agreement.

Dated this 26th day of August, 2013.

Respectfully Submitted,

**J.H. ZIDELL, P.A.**

/s/ Joseph J. DiSpaldo
JosephJ. DiSpaldo
FBN: 0563668
Attorneys for Plaintiff
300 71st Street
Suite 604
Miami Beach, FL 33141
Telephone: 305-865-6766
Facsimile: 305-865-7167

**HINSHAW & CULBERTSON LLP**

/s/ Julie Schwartz-Karron
Cheryl L. Wilke
FBN: 893780
Julie Schwartz-Karron
FBN: 014683
Attorneys for Defendant
One East Broward Blvd. Suite 1010
Fort Lauderdale, FL 33301
Telephone: 954.467.7900
Facsimile: 954.467.1024

18858635v1